**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Mitnick Law Office LLC, | : | **DOCKET NO.** |
| *Petitioner*, | : | |
| v. | : | **PETITION TO VACATE ARBITRATION AWARD** |
| Balanced Bridge Funding LLC, fka Thrivest Specialty Funding LLC, | : | |
| *Respondent*. | : | |

MITNICK LAW OFFICE LLC (PETITIONER), by and through their attorney, CRAIG R. MITNICK, ESQUIRE, file this Petition to Vacate the AAA Arbitration Award entered on September 1, 2021, and allege the following:

## INTRODUCTION OF FACTS

1. The brief facts and description of the nature of the AAA Arbitration Award that was entered against Petitioner and in favor of Respondent stemmed from a consecutive set of roll-over contracts contract entered between Parties between 2015 and 2018. The contracts were titled "Non-Recourse Buy-Sell Agreements" and as such were purported to not be subject to Usury regulations. The Agreements were drafted as litigation financing Agreements and were to be secured by future receivables where services had been provided, however fees had not yet been realized. The action that was the subject of the receivables was and remains titled "The NFL Retired Players Concussion Injury Litigation". Shortly after the above Federal Action had been ruled a Multi District Litigation and assigned to the United States District Court for the Eastern District of Pennsylvania, Petitioner, Mitnick Law Office (Mitnick) formally retained the law firm of Fox-Rothchild in Philadelphia to protect its' interests in anticipated common benefit fees to be awarded when the NFL litigation had resolved, as well as protect fees Mitnick was to receive from Lock's Law Firm, another Philadelphia law firm who was actively involved in the NFL litigation and who shared mutual clients with Petitioner Mitnick. A retention Agreement was signed by Fox Rothchild and Petitioner, Mitnick Law Office LLC on October 26, 2012, and after approximately 6 years, the attorney-client relationship was formally terminated on February 19, 2019 at which point Mitnick received a "Conclusion of Representation" letter from Fox-Rothchild. At some point during the active Attorney-client relationship between Petitioner

Mitnick and Fox-Rothchild, Fox-Rothchild entered into a separate Retainer Agreement with a separate client, Thrivest Funding Group, now known as Balanced Bridge Funding, the same funding Company who was doing business with Petitioner Mitnick regarding litigation funding for Mitnick's involvement in the NFL MDL action and for which Mitnick had retained Fox-Rothchild for legal representation. Petitioner Mitnick was never provided with a copy of the Thrivest retention agreement entered between Thrivest and Fox-Rothchild, nor was Petitioner Mitnick ever advised that Fox-Rothchild had intended to enter into the relationship with Respondent Thrivest until several years later. Additionally, Petitioner was never advised as to the facts under which Fox- Rothchild was acting on behalf of Respondent, Thrivest.

2. In November of 2019, Petitioner received a detailed letter from Peter Buckley, Esquire, one of the primary attorneys from Fox-Rothchild who had represented Petitioner Mitnick, stating that the firm represented Respondent Thrivest regarding the funding Agreements in which Mitnick had previously entered with Thrivest. The correspondence received by Mitnick from Attorney Buckley addressed Mitnick personally and requested specific documentation, as well as demanded monetary payments from Mitnick on behalf of Thrivest. Mitnick immediately responded back to the Fox Rothchild Attorney advising that Petitioner believed that there was clearly an ethical conflict issue that existed and that Fox-Rothchild's legal representation of Thrivest against Mitnick was ethically inappropriate.

3. On April 29, 2020, Petitioner Mitnick received further correspondence from another Fox-Rothchild Attorney, Eric Reed, Esquire who had been involved with the NFL action on behalf of Thrivest previously with Attorney Buckley. The correspondence from Reed confirmed the previous correspondence from Buckley in November 2019, as well as confirmed numerous phone messages that were placed to Mitnick from Fox-Rothchild in an adversarial manner and in the capacity of legal representatives for Respondent Thrivest.

4. One week later, on May 8, 2020, Petitioner Mitnick was served with a formal Arbitration Demand from Fox-Rothchild on behalf of Respondent Thrivest that had been filed with the American Arbitration Association. The demand alleged breach of contract by Mitnick with regard to the NFL matter. Fox-Rothchild previously represented Petitioner Mitnick

for over six- and one-half years and had now filed formal litigation against Mitnick in the same named litigation on behalf of another client. Again, Petitioner Mitnick notified Fox-Rothchild of Petitioner's belief that there was an inherent ethical conflict. Fox-Rothchild aggressively dismissed the conflict argument and vigorously pursued the litigation against Petitioner asserting there was absolutely no ethical conflict.

5. Shortly after the Arbitration was instituted, an Arbitrator assigned to the AAA, Francis Orlando was chosen to preside over the matter and the potential ethical conflict issue was brough to his attention by Petitioner. Fox-Rothchild immediately dismissed the conflict as inconsequential and advised the Arbitrator that the issue was solely being brough up as a delay tactic. Legal briefs were requested and submitted by both parties regarding the conflict issue. Shortly thereafter during a pre-scheduled telephone conference with the Arbitrator that was not recorded or documented on the record the Arbitrator determined that it was his belief that no conflict existed since the breach of contract allegation was a different issue than the representation provided previously to Petitioner Mitnick and clearly stated "even though Fox-Rothchild had represented both Parties in the same NFL action, that the breach of contract currently before the Arbitrator was a separate issue involving separate evidence". The Arbitrator then went on to state "no matter how he decided on the conflict issue, that either Fox-Rothchild or another firm would represent the Respondent, so we should all just move forward". The Arbitrator completely ignored arguments by Mitnick, the evidence to be presented in the Arbitration, the cannons of ethics.

6. During Fox-Rothchild's representation of Petitioner Mitnick, the law firm was given proprietary documentation from the NFL Litigation, extensive client lists containing the names of over 1000 retired NFL Players with whom Petitioner Mitnick represented directly and in conjunction with Lock Law Firm, hand-written notes, as well as being involved with confidential communications with Mitnick throughout 6 years of representation. That same documentation, the same client listings, notes and communications was the same evidence presented by Fox-Rothchild on behalf of Respondent Thrivest and considered by the Arbitrator during the Arbitration process and determination of the Arbitration award. Petitioner was at a complete disadvantage from day one of the Arbitration proceedings and undoubtedly the prior documentation in possession of Fox-

Rothchild was used to the advantage of its' client, Respondent Thrivest. The Arbitrator's decision to casually deny Petitioner's request that Fox-Rothchild be conflicted out of the matter was blatantly a legally incorrect decision for which the Arbitrator was aware of the law and familiar with the ethical cannons that existed. Respondent Thrivest's representation by Fox-Rothchild allowed by the Arbitrator inherently prejudiced Petitioner Mitnick and in allowing the representation by Fox-Rothchild, the Arbitrator exceeded his powers, or so imperfectly executed them in determining that no ethical conflict existed. It appears that financial factors played a more fundamental role in the conflict issue than ethics or fundamental fairness to Petitioner Mitnick. The final award against Petitioner issued by the Arbitrator was in excess of Two Million, Three Hundred Thousand Dollars ($2,300,000), with interest continuing to accrue on the award at a 19% rate compounded monthly and accruing daily. The award also included legal fees to be paid to Fox-Rothchild's role in an amount over $100,000.

7. Petitioner seeks an Order from this Court under the Federal Arbitration Act, [9 U.S.C. § 10/9 U.S.C. § 11], vacating the arbitration award dated September 1, 2021, rendered in the American Arbitration Association Arbitration before Francis Orlando, Arbitrator.

**PARTIES**

8. PETITIONER, Mitnick Law Office, LLC is an entity whose primary and only office location is 8000 Sagemore Drive, Suite 8305, Marlton, New Jersey, 08053. Petitioner is a Limited Liability Corporation incorporated in the State of New Jersey. Petitioner is a law firm with a sole practitioner.

9. RESPONDENT, Thrivest Funding, also known as Balanced Bridge Funding, is a finance litigation funding organization whose primary address is in Ardmore, Pennsylvania and whose primary address was in Philadelphia, Pennsylvania while doing business with Petitioner Mitnick. The state of Respondent's incorporation is unknown to Petitioner.

10. PETITIONER has one member, Craig R. Mitnick, Esquire who is a resident of the state of New Jersey and has resided in the State of New Jersey for over 50 years.

## JURISDICTION AND VENUE

11. Venue is proper in this judicial district because the parties' Arbitration Agreement specified the Commonwealth of Pennsylvania as the place for enforcement of the award and Venue is also proper in this judicial district pursuant to 9 U.S.C. § 10(a) because the award was determined under the laws of the Commonwealth of Pennsylvania and Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the breach of Contract claim and assets to possibly be attached arise out of litigation currently being handled in the Eastern District of Pennsylvania. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL EXHIBITS

12. Attached hereto as Exhibit A is a true and correct copy of the original Arbitration Agreement between the parties.

13. Attached hereto as Exhibit B is a true and correct copy of the duly Certified Arbitration Award issued by Arbitrator Francis Orlando affiliated with the American Arbitration Association dated September 1, 2021.

14. Attached hereto as Exhibit C is the true and correct copy of the Retainer Agreement entered by Mitnick and Fox-Rothchild and true and correct copies of examples of work performed by Fox-Rothchild on behalf of Mitnick that mirrors the subject matter of the adverse Arbitration.

15. Attached hereto as Exhibit D is a true and correct copy of the "Conclusion of Representation" letter sent by Fox-Rothchild to Mitnick and the accompanying initial adversarial correspondence sent from Fox-Rothchild on behalf of Thrivest to Mitnick.

16. Attached hereto as Exhibit E is a true and correct copy of the legal brief regarding the ethical conflict issue submitted to the Arbitrator by Petitioner Mitnick in the American Arbitration Association's Arbitration before Arbitrator Francis Orlando.

17. Attached hereto as Exhibit F is a true and correct copy of the legal brief regarding the ethical conflict issue submitted to the Arbitrator by Respondent Thrivest in the American Arbitration Association's Arbitration before Arbitrator Francis Orlando.

18. Pursuant to 9 U.S.C. § 12, Petitioner has brought this action within three months after the Award was delivered by the AAA on September 1, 2021.

19. The Award should be vacated under 9 U.S.C. § 10 because of the facts and circumstances as set forth in full in Paragraphs one through 17 above, as well as the fact that (1) Petitioner Mitnick was completely prejudiced throughout the Arbitration proceeding and (2) the Arbitrator's decision to casually deny Petitioner's request that Fox-Rothchild be ethically conflicted out of the matter after the firm previously represented Petitioner Mitnick and then simultaneously represented Petitioner Mitnick and Respondent Thrivest for a period of time and finally represented Respondent Thrivest against Petitioner Mitnick is a clear violation of Pennsylvania attorney ethics and was a legally and factually incorrect decision by the Arbitrator, inherently biased against the Petitioner. The Arbitrator exceeded his powers, or so imperfectly executed them in determining that no ethical conflict existed on behalf of Fox-Rothchild representing Respondent in the Arbitration that the final award against Petitioner in excess of Two Million, Three Hundred Thousand Dollars ($2,300,000), with interest continuing to accrue at a 19% rate compounded monthly and accruing daily on the award amount, was inherently unfair, inequitable, ethically improper, prejudicial to Petitioner and inherently bias to Petitioner.

20. PETITIONER, Mitnick alleges that the Arbitrator, Francis Orlando, acted in such a way that the award in said Arbitration was obtained by undue means and the Arbitrator is guilty of misconduct in refusing to conflict out Fox-Rothchild on behalf of Respondent which prejudiced Petitioner Mitnick from day one in the Arbitration proceeding and in determining the final Award. The

Arbitrator additionally exceeded his powers, or so imperfectly executed them that there was no means by which fair, reasonable, and non-prejudicial award could have been made on the subject matter submitted by Respondent Thrivest due to the tainted nature of the evidence improperly obtained by Respondent Thrivest's counsel Fox-Rothchild through the law firm's prior representation of Petitioner Mitnick on the same subject matter.

21. PETITIONER Mitnick repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth within.

WHEREFORE, PETITIONER MITNICK respectfully requests that this Court:

By reason of the foregoing and pursuant to 9 U.S.C. § 10, the Court should vacate the Arbitration Award annexed hereto as Exhibit B by American Arbitration Association's Arbitrator, Francis Orlando under date of September 1, 2021, and direct the Respondent to obtain new counsel who may then proceed in accordance with the Arbitration Clause contained in the attached Agreement, paragraph 11 under Exhibit A between Petitioner and Respondent. In the alternative, the Court should vacate the award with no rehearing ordered since the evidence presented on behalf of Thrivest by Fox-Rothchild has already been submitted and utilized in the determination of the current award and there are no means by which Petitioner Mitnick can now receive a fair rehearing.

Award the Petitioner such other and further relief as this Court deems just and proper.

October 25, 2021, Marlton, New Jersey

                                                  Respectfully submitted,
                                                  **MITNICK LAW OFFICE LLC**

                                                  Craig R. Mitnick, Esquire
                                                  8000 Sagemore Drive, Suite 8305
                                                  Marlton, New Jersey 08053

856-427-9000
craig@mitnicklegal.com
Attorney I.D. 50728
Attorney for Petitioner

EXHIBIT D

Various Correspondence between Petitioner and Respondent relevant to the Ethical Conflict

EXHIBIT E

Petitioner's legal brief regarding Conflict submitted to AAA Arbitrator

EXHIBIT F

Respondent's legal brief regarding Conflict submitted to AAA Arbitrator