**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MITNICK LAW OFFICE, LLC | : | |
| | : | |
| Petitioner, | : | Civil Action No. 2021-mc-00075-GAM |
| | : | |
| v. | : | |
| | : | |
| BALANCED BRIDGE FUNDING LLC | : | |
| | : | |
| Respondent. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
PETITION TO VACATE ARBITRATION AWARD, AND
COUNTER-PETITION TO CONFIRM ARBITRATION AWARD**

Balanced Bridge Funding LLC ("Balanced Bridge") answers the Petition to Vacate Arbitration Award filed by Mitnick Law Office, LLC ("Mitnick Law"), and cross-files its own Petition to Confirm Arbitration Award and to enter judgment in favor of Balanced Bridge and against Mitnick Law, as follows:

**PREFATORY STATEMENT**

Balanced Bridge commenced an arbitration against Mitnick Law after Mitnick Law breached its contractual payment obligations to Balanced Bridge. The dispute in arbitration was straightforward. Balanced Bridge had provided Mitnick Law with millions of dollars in monetary advances against Mitnick Law's anticipated attorney's fees earned but not yet received in the NFL Concussion Class Action. After making some payments to Balanced Bridge, Mitnick Law breached the contract by, among other things, failing to pay Balanced Bridge after receiving attorney's fees in the NFL Concussion Class Action. Mitnick Law's defense in the arbitration consisted almost entirely of: (1) disputing the validity and enforceability of the contract under which it performed prior to its breach; and (2) objecting to the representation of Balanced Bridge

by Fox Rothschild LLP.  That strategy did not succeed in the arbitration, and it should not succeed here.

As it does now, at the outset of the arbitration Mitnick Law asserted that Fox Rothschild LLP's limited former representation of Mitnick Law precluded the firm from representing Balanced Bridge adverse to Mitnick Law.  After extensive briefing and argument on Mitnick Law's motion to disqualify, the arbitrator, the Hon. Francis J. Orlando, Jr., A.J.S.C. (retired), recognized that Mitnick Law was wrong on the law and the facts.  Fox Rothschild's former representation of Mitnick Law is not substantially related to this dispute, and was limited to:  (1) a referral fee dispute with another law firm regarding clients in the NFL Concussion Class Action; and (2) counseling regarding common benefit fees in the NFL Concussion Class Action.  The former representation did not extend to Mitnick Law's contract with Balanced Bridge, and ended before the payment to Mitnick Law of any attorney's fees from the NFL Concussion Class Action. The common benefit fees due to Mitnick Law were not at issue in the arbitration because Mitnick Law paid them to Balanced Bridge long before the arbitration commenced, during the period in which it performed under the parties' agreement.  Finally, Fox Rothschild had no confidential information regarding Mitnick Law from the prior representation pertinent to the Balanced Bridge dispute.  The pertinent documents were those showing the fees received by Mitnick Law but not turned over to Balanced Bridge.  Mitnick Law begrudgingly produced some of those documents in the arbitration after discovery motion practice, and Balanced Bridge obtained other payment documents via subpoena.  Though it had no obligation to do so, Fox Rothschild even took the additional step of screening the attorneys who had handled the prior representation from representing Balanced Bridge in the arbitration.  The arbitrator denied Mitnick Law's motion in a reasoned opinion.  In denying Mitnick Law's motion to disqualify, the arbitrator even granted

127743105.2

Mitnick Law an opportunity to take further discovery on the alleged conflict issue.  Mitnick Law did not pursue that discovery, and abandoned the conflict argument in the arbitration.

On September 1, 2021, after over a year of litigation culminating in a multi-day evidentiary hearing, the arbitrator entered a final award of over $2.3 million in favor of Balanced Bridge, plus contractual prevailing party fees and interest.  Balanced Bridge filed a petition to confirm its arbitration award, which is docketed as Case No. 2021-cv-04073-PBT.  Mitnick Law filed a petition to vacate the arbitration award in this case.

The arbitrator fully and fairly considered Mitnick Law's objection to Fox Rothschild representing Balanced Bridge, and rejected Mitnick Law's motion to disqualify in a reasoned opinion and order.  Mitnick Law declined the arbitrator's invitation to further pursue discovery on the claimed conflict in arbitration, did not again raise the issue, and thus abandoned it.  The arbitrator fully and fairly considered Balanced Bridge's claims and Mitnick Law's defenses in the arbitration.  The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., and applicable case law call for deference to arbitration awards except for in extremely limited circumstances that do not apply here.  Balanced Bridge therefore requests that the Court defer to the arbitrator's considered determinations, deny Mitnick Law's petition to vacate, and instead confirm the arbitration award as a judgment.

## ANSWER

1.      Denied as stated.  In September 2015, Mitnick Law entered into a contract with Balanced Bridge for a cash advance. Balanced Bridge was then known as Thrivest Specialty Funding, LLC.   Balanced Bridge and Mitnick Law entered into successive agreements, culminating in a Master Non-Recourse Purchase and Sale Agreement dated June 2, 2017 (the "Master Agreement").  The Master Agreement contained an arbitration provision.  Mitnick Law

3

breached the Master Agreement by, among other things, failing to make payments when due.  As a result of that breach, Balanced Bridge commenced the Arbitration before the American Arbitration Association.  Balanced Bridge prevailed in the arbitration.  At the outset of the arbitration, Mitnick Law sought to disqualify Fox Rothschild LLP as counsel for Balanced Bridge. Following a conference on August 14, 2020, the arbitrator entered an order directing the parties to brief the issue, and set argument on the alleged conflict issue for October 2, 2020.  A copy of the scheduling order is attached as Exhibit A.  On or about September 3, 2020, Mitnick Law filed a 20-page brief in support of its motion for disqualification, which it followed with a supplement. Mitnick Law made essentially the same arguments to the arbitrator that it now presents to this Court.  Balanced Bridge filed an opposition on September 18, 2020, a copy of which is attached as Exhibit B.  The arbitrator entertained oral argument, and on October 2, 2020 entered an order denying the motion to disqualify without prejudice, along with a reasoned opinion.  The order and opinion are attached as Exhibit C.  The order also directed Fox Rothschild to certify that it had provided Mitnick Law its complete file regarding the former representation of Mitnick Law.  Fox Rothschild provided that certification.  Although the arbitrator invited Mitnick Law to conduct discovery on the alleged conflict issue, Mitnick Law never did so, did not renew its motion, and thus abandoned the alleged conflict issue in the arbitration.

2.      Admitted that Mr. Buckley sent Mr. Mitnick a letter asserting Balanced Bridge's rights under the contract, and that Mr. Mitnick responded.  Denied that any ethical conflict existed regarding the representation of Balanced Bridge in its action against Mitnick Law.  The letter, and the representation of Balanced Bridge, was not substantially related to Fox Rothschild's prior representation of Mitnick Law, which was limited to Mitnick Law's receipt of common benefit

127743105.2

fees (which Mitnick Law had already paid over to Balanced Bridge) and to Mitnick Law's referral fee dispute with Locks Law.

3.      Admitted that Mr. Reed sent Mr. Mitnick a letter asserting Balanced Bridge's rights under the contract.  Admitted that Mr. Reed had previously represented Balanced Bridge unrelated to Mitnick Law.  Denied that Mr. Reed had any involvement in representing Mitnick Law at any point.  Denied that any ethical conflict existed regarding the representation of Balanced Bridge in its action against Mitnick Law.  The letter, and the representation of Balanced Bridge, was not substantially related to Fox Rothschild's prior representation of Mitnick Law, which was limited to Mitnick Law's receipt of common benefit fees (which Mitnick Law had already paid over to Balanced Bridge) and to Mitnick Law's referral fee dispute with Locks Law.

4.      Admitted that Fox Rothschild filed an arbitration demand on behalf of Balanced Bridge against Mitnick Law.  Denied that Fox Rothschild "previously represented Petitioner Mitnick for over six- and one-half years and had now filed formal litigation against Mitnick in the same named litigation on behalf of another client."  Admitted that Mitnick Law objected to Fox Rothschild's representation of Balanced Bridge in its action against Mitnick Law.  Denied that any ethical conflict existed regarding the representation of Balanced Bridge in its action against Mitnick Law.  Admitted that Fox Rothschild aggressively represented Balanced Bridge's rights in the arbitration.

5.      Admitted that the AAA appointed Judge Orlando to serve as arbitrator on the parties' mutual selection.  Admitted that Fox Rothschild denied that any ethical conflict existed regarding the representation of Balanced Bridge in its action against Mitnick Law, and that Mitnick Law did and does advance the conflict argument as a delay tactic where it lacks any defense to the substance of the case.  Denied that Judge Orlando "completely ignored arguments by Mitnick, the

5

evidence to be presented in the Arbitration, [and] the cannons [sic] of evidence." Denied that Mitnick Law fully or accurately quotes Judge Orlando, whose ruling is reflected in a reasoned opinion and written order that Mitnick Law failed to attach or reference. As Judge Orlando noted, the prior representation of Mitnick Law and the representation of Balanced Bridge adverse to Mitnick Law "on their face are distinct and different."

6.     Denied that Fox Rothschild received "proprietary documentation" or participated in "confidential communications" in the prior representation that was pertinent to the later dispute between Mitnick Law and Balanced Bridge, much less that any such materials were used in the arbitration. To the contrary, the pertinent documents in the arbitration were those showing the fees received by Mitnick Law but not turned over to Balanced Bridge, which documents Balanced Bridge obtained in the arbitration either via subpoena or from Mitnick Law after discovery motion practice. Denied that the "same documentation, the same client listings, notes and communications was [sic] the same evidence presented by Fox Rothschild" in the arbitration. Denied that Mitnick Law "was at a complete disadvantage" for any reason having to do with the prior representation. Mitnick Law proceeded to hearing without pursuing the discovery that the arbitrator invited it to take, did not renew its motion to disqualify Fox Rothschild in the arbitration, and thus abandoned the issue. Mitnick Law had a full and fair opportunity to litigate its defense in the arbitration, but had no defense to its conduct and no legitimate challenge to the contract that it breached. Denied that the arbitrator "casually denied" Mitnick Law's motion to disqualify, or exceeded his powers under the parties' agreement or the FAA. Admitted that the arbitrator granted a final award to Balanced Bridge of over $2.3 million plus contractual interest and prevailing party attorney's fees of over $100,000, both of which were less than the amounts requested by Balanced Bridge.

127743105.2

7.      Balanced Bridge acknowledges that Mitnick Law seeks to vacate the arbitration award, but denies that Mitnick Law is entitled to such relief.  Balanced Bridge requests that the Court confirm the award.

8.      Admitted on information and belief.

9.      Admitted that Balanced Bridge is a limited liability company with Pennsylvania citizenship based on the citizenship of its sole member.  Balanced Bridge denies any contrary allegations.

10.     Admitted on information and belief.

11.     Admitted that venue is proper in this District.  Though Mitnick Law's petition does not address it, diversity subject-matter jurisdiction exists because the parties are citizens of different states and the amount in controversy exceeds $75,000.

12.     Denied.

13.     Admitted.

14.     Denied as stated.  Mitnick Law did not attach the entire engagement agreement. Admitted that Mitnick Law attached an invoice.  Admitted that Fox Rothschild's last work for the Mitnick Firm occurred in May 2018.

15.     Admitted that Mitnick Law attached correspondence dated February 21, 2019, November 18, 2019, April 29, 2020, May 3, 2020, and May 5, 2020.

16.      Admitted, except that Mitnick Law omitted its supplement to its motion to disqualify.

17.     Admitted.

18.     Admitted.

7

19. Denied. There is no basis under the AAA or applicable case law to vacate the arbitration award. The arbitrator correctly denied Mitnick Law's motion to disqualify under the facts and applicable law after extensive briefing and argument, and deference is due both to that decision and to the arbitrator's award. Authority to vacate an award is limited to those rare instances where there is "absolutely no support at all in the record justifying the arbitrator's determinations." Jeffrey M. Brown Assoc., Inc. v. Allstar Drywall & Acoustics, Inc., 195 F.Supp.2d 681, 684 (E.D. Pa. 2002).

20. Denied. The arbitrator proceeded properly in allowing Mitnick Law to brief and argue the conflict issue, and even allowed Mitnick Law an opportunity to take discovery on the issue. Mitnick Law chose not to pursue the issue further.

21. Balanced Bridge incorporates its answers in the preceding paragraphs as if restated here.

WHEREFORE, Balanced Bridge respectfully requests that that Court deny Mitnick Law's petition to vacate the arbitration award, and instead confirm the award as a judgment, and further to grant Balanced Bridge its costs and attorney's fees per the parties' contract as well as such other relief as the Court may find appropriate.

## **AFFIRMATIVE DEFENSES**

Balanced Bridge states the following for its affirmative defenses to Mitnick Law's petition to vacate:

1. Balanced Bridge incorporates by reference its petition to confirm arbitration award.

2. Mitnick Law fails to state a claim on which relief can be granted, in that it fails to state a cognizable basis to vacate the arbitration award.

8

3.       Authority to vacate an award is limited to those rare instances where there is "absolutely no support at all in the record justifying the arbitrator's determinations." Jeffrey M. Brown Assoc., Inc. v. Allstar Drywall & Acoustics, Inc., 195 F.Supp.2d 681, 684 (E.D. Pa. 2002). The FAA, 9 U.S.C. §10(a), expressly limits the power of a reviewing court to vacate or modify an arbitration award to the following circumstances:  (1) where the award was procured by corruption, fraud, or undue means;  (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  The Third Circuit also recognizes a fifth ground for vacatur in "exceptional cases" where there is a demonstrable "manifest disregard of the law." Popkave v. John Hankcock Distrib., LLC, 768 F.Supp.2d 785, 789 (E.D. Pa. 2011); see also Southco, Inc. v. Reel Precision Mfg. Corp., 556 F.Supp.2d 505, 511 (E.D. Pa. 2008) (holding "the Court must affirm the award unless [it is] completely irrational . . ." which necessitates a showing that the decision "escape[s] the bounds of rationality.").  This judicially-created exception applies only in the rarest of circumstances where it is readily apparent from the record that the arbitrators willfully ignored applicable law.  Id. at 790.  The Court can also modify or correct an arbitration award to address clerical errors that do not go to the merits of the award.  See 9 U.S.C. §11(a)-(c).  None of these exceptions apply here.

4.       As indicated in the arbitrator's reasoned opinion, Fox Rothschild's limited former representation of Mitnick Law was not substantially related to this dispute with Balanced Bridge, the latter of which was a payment dispute over Mitnick Law's failure to pay fees over to Balanced

9

Bridge in breach of the parties' agreement.  Com. Ins. Co. v. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1204 (E.D. Pa. 1992) (Same attorney may represent an insurer for a coverage opinion on an insured tenant's claim for damage sustained in a building fire, and then represent another insurer in a subrogation action against another tenant of the same building for claims arising from the same fire).  Here, the former representation was limited to a referral fee dispute between Mitnick Law and another law firm regarding clients in the NFL Concussion Class Action and counseling regarding common benefit fees sought by Mitnick Law in the NFL Concussion Class Action.  The former representation did not extend to Mitnick Law's contract with Balanced Bridge, and ended before the payment of any attorney's fees from the NFL Concussion Class Action.  Fox Rothschild's engagement letter with Mitnick Law defines the scope of the engagement as "Consultation and on-going advice regarding the referral arrangement between you and Gene Locks and his law firm in the In re National Football Players Concussion Injury Litigation," and continues to note, "You have not engaged the Firm, nor has the Firm agreed, to represent you regarding any other matter."  Later, Mitnick Law requested assistance with its claim to common benefit fees in the NFL Concussion Class Action and Fox Rothschild agreed to expand its representation for that limited purpose.  None of this is substantially related to Mitnick Law's dispute with Balanced Bridge, which concerns Mitnick Law's failure to remit to Balanced Bridge payments of legal fees earned on individual cases.

5.     Fox Rothschild had no confidential information regarding Mitnick Law from the prior representation that was pertinent to the Balanced Bridge dispute.  The pertinent documents were those showing the fees received by Mitnick Law but not turned over to Balanced Bridge. Mitnick Law begrudgingly produced some of its records in the arbitration after discovery motion practice.  Balanced Bridge obtained records from Locks Law via subpoena.  Fox Rothschild did

not have, much less use, confidential information about Mitnick Law in the arbitration.  Though it had no obligation to do so, Fox Rothschild even took the additional step of screening the attorneys who had handled the prior representation from representing Balanced Bridge in the arbitration.

6.      Mitnick Law received a full and fair opportunity to present its case in the arbitration.

7.      Mitnick Law abandoned and waved the alleged conflict by choosing not to accept the arbitrator's invitation to take additional discovery on the issue and not renewing the motion in the arbitration.

8.      Prior to its breach, Mitnick Law had performed under the agreement by remitting payments as required.

9.      Mitnick Law largely did not dispute that it had breached the parties' agreement, but rather instead focused its defense on its challenges to the validity and enforceability of the agreement and Mitnick Law's assertion of ethical conflict.

10.     Mitnick Law lost the arbitration because it breached the parties' agreement.

11.     Balanced Bridge reserves the right to assert additional or different affirmative defenses as case developments warrant.

WHEREFORE, Balanced Bridge respectfully requests that that Court deny Mitnick Law's petition to vacate the arbitration award, and instead confirm the award as a judgment, and further to grant Balanced Bridge its costs and attorney's fees per the parties' contract as well as such other relief as the Court may find appropriate.

127743105.2

## COUNTER-PETITION TO CONFIRM ARBITRATION AWARD

Balanced Bridge moves under 9 U.S.C. § 1 et seq. to confirm the final arbitration award entered in Balanced Bridge Funding LLC v. Mitnick Law Office, LLC, AAA Case No. 01-20-0005-1630, and in support states the following:

### PARTIES

1.      Balanced Bridge is a limited liability company.  Its sole member is a citizen of Pennsylvania.  Balanced Bridge is thus a citizen of Pennsylvania for diversity jurisdiction purposes.

2.      Mitnick Law is a limited liability company. Upon information and belief, its membership includes only citizens of New Jersey.  Mitnick Law is thus a citizen of New Jersey for diversity jurisdiction purposes.

3.      The Arbitration award that Balanced Bridge seeks to confirm is well in excess of $75,000.

### JURISDICTION AND VENUE

4.      The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.      Venue is appropriate under 9 U.S.C. § 9 because, per the parties' agreement, the Arbitrator deemed the Arbitration, although conducted by Zoom, to have occurred in Philadelphia, Pennsylvania.

### BACKGROUND AND RELEVANT FACTS

6.      In September 2015, Mitnick Law entered into a contract with Balanced Bridge for a cash advance. Balanced Bridge was then known as Thrivest Specialty Funding, LLC.

127743105.2

7.      Balanced Bridge and Mitnick Law entered into successive agreements, one supplanting the previous, and culminating in a Master Non-Recourse Purchase and Sale Agreement dated June 2, 2017 (the "Master Agreement").  A copy of the Master Agreement, with Riders, is attached hereto as Exhibit D.

8.      The Master Agreement contains an arbitration provision at Paragraph 11.

9.      Mitnick Law breached the Master Agreement by, among other things, failing to pay over to Balanced Bridge the amounts owed.  Balanced Bridge commenced the Arbitration before the AAA, which appointed the Hon. Francis J. Orlando, Jr.  (Ret.) to serve as the Arbitrator.

10.      Balanced Bridge and Mitnick Law pursued arbitration before AAA for over a year, including a discovery period with both written discovery and document exchanges.

11.      Balanced Bridge and Mitnick Law agreed that the issue of liability, including the validity of the Master Agreement and Mitnick Law's breach, would be appropriate for partial summary judgment, and submitted cross applications for summary judgment on the issue of liability.

12.      On May 27, 2021, Judge Orlando granted Balanced Bridge's application for summary judgment as to liability, determining that the agreements between Balanced Bridge and Mitnick Law are valid and Mitnick Law had admitted breach.  See May 27, 2021 Order and Opinion, attached as Exhibit E.

13.      On June 21, 2021 and June 23, 2021, Judge Orlando held a damages hearing in which both parties presented exhibits and witness testimony.  Thereafter, the parties submitted post-hearing briefs for Judge Orlando's consideration.

14.     On August 17, 2021, Judge Orlando entered an Interim Award in favor of Balanced Bridge; finding that Mitnick Law had underpaid Balanced Bridge, Judge Orlando assessed damages against Mitnick Law and in favor of Balanced Bridge as follows:

| Year | Amount |
|------|-------:|
| 2018 | $753,987.00 |
| 2019 | $454,062.00 |
| 2020 | $171,756.00 |
| 2021 | $99,300.00 |

See Interim Award, attached hereto as Exhibit F.

15.     Judge Orlando ordered Mitnick Law to pay these damages at an interest rate of nineteen percent (19%) per annum accruing daily and compounding monthly until the award is satisfied.  In addition, Judge Orlando awarded Balanced Bridge recovery of reasonable costs and attorney fees, pursuant to paragraph 9(a) of the parties' agreement, in the amount of $102,605.01. Finally, Judge Orlando ordered Mitnick Law to bear the cost of all AAA fees and Arbitrator fees (which Balanced Bridge had paid), totaling $44,957.00. See id.  Balanced Bridge had paid the AAA and Arbitrator fees.

16.     On September 1, 2021, the Arbitrator entered a Final Award which incorporated the Opinion and Order dated May 27, 2021 and the Interim Award dated August 17, 2021.   See Final Award, attached hereto as Exhibit G.

17.     Mitnick Law has not satisfied the Final Award and so Balanced Bridge files this petition to confirm it.

14

## STANDARD OF REVIEW

18.     The FAA at 9 U.S.C. § 9 provides that, "within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9.  The Master Agreement satisfies this requirement because it authorizes Balanced Bridge to enforce an award rendered pursuant to the arbitration provisions in any court of competent jurisdiction.  See Master Agreement, attached as Exhibit D, at p. 11(a).

19.     The standard of review of an arbitration award is very deferential.  Authority to vacate an award is limited to those rare instances where there is "absolutely no support at all in the record justifying the arbitrator's determinations." Jeffrey M. Brown Assoc., Inc. v. Allstar Drywall & Acoustics, Inc., 195 F.Supp.2d 681, 684 (E.D. Pa. 2002).  The FAA expressly limits the power of a reviewing court to vacate or modify an arbitration award to the following circumstances:

> (1)     where the award was procured by corruption, fraud, or undue means;
>
> (2)     where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3)     where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4)     where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a).

20.     The Third Circuit also recognizes a fifth ground for vacatur in "exceptional cases" where there is a demonstrable "manifest disregard of the law." Popkave v. John Hankcock Distrib.,

15

LLC, 768 F.Supp.2d 785, 789 (E.D. Pa. 2011); see also Southco, Inc. v. Reel Precision Mfg. Corp., 556 F.Supp.2d 505, 511 (E.D. Pa. 2008) (holding "the Court must affirm the award unless [it is] completely irrational . . ." which necessitates a showing that the decision "escape[s] the bounds of rationality.").

21.     This judicially-created exception must only be applied in the rarest of circumstances where it is readily apparent from the record that the arbitrators willfully ignored applicable law.  Id. at 790.  The Court can also modify or correct an arbitration award to address clerical errors that do not go to the merits of the award.  See 9 U.S.C. §11(a)-(c).  None of these exceptions apply here.

## ARGUMENT

22.     Arbitrator Orlando had authority and jurisdiction to issue the Final Award and the Court has authority and jurisdiction to confirm it.  There are no grounds to vacate, further modify, or correct it.  See 9 U.S.C. §10(a); see also Southco, Inc. v. Reel Precision Mfg. Corp., 556 F.Supp.2d 505, 511 (E.D. Pa. 2008) (holding "the Court must affirm the award unless [it is] completely irrational" … which necessitates a showing that the decision "escape[s] the bounds of rationality").

23.     The Final Award is the product of an arbitration proceeding that afforded Mitnick Law a fair opportunity to be heard on Balanced Bridge's claims.  The Final Award is a well-reasoned decision issued by a competent and respected arbitrator.  The parties had ample time for discovery, the Arbitrator heard the parties on the liability issue and Mitnick Law's challenges to the Master Agreement, and the Arbitrator conducted an evidentiary hearing and considered the parties' written submissions on damages.

127743105.2

24.     The Final Award resulted from a full and fair arbitration process.  Balanced Bridge respectfully requests that the Court confirm the Final Award and issue an order and judgment in the form proposed.

## **CONCLUSION**

25.     For all of the foregoing reasons, confirmation of the Arbitration Award is proper and judgment should be entered thereon.

WHEREFORE, Balanced Bridge respectfully requests that the Court confirm the Final Award and enter an order and judgment in the form proposed.

Date:  November 8, 2021                    Respectfully submitted,

/s/ Eric E. Reed
Eric E. Reed, Esq.
Stephanie Ohnona, Esq.
FOX ROTHSCHILD LLP
ereed@foxrothschild.com
sohnona@foxrothschild.com
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
Attorneys for Balanced Bridge Funding LLC

127743105.2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on November 8, 2021, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record.

/s/ Eric E. Reed

127743105.2