IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BALANCED BRIDGE FUNDING LLC | : | |
| Petitioner, | : | Civil Action No. 2021-cv-04073-PBT |
| v. | : | |
| MITNICK LAW OFFICE, LLC | : | |
| Respondent. | : | |
| MITNICK LAW OFFICE, LLC | : | |
| Petitioner, | : | Civil Action No. 2021-mc-00075- PBT |
| v. | : | |
| BALANCED BRIDGE FUNDING LLC | : | |
| Respondent. | : | |

**BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA**

**I.     Introduction/Overview**

This is a summary proceeding to confirm a $2.3 million arbitration award entered in favor of Petitioner Balanced Bridge Funding LLC ("Balanced Bridge") against Respondent Mitnick Law Office, LLC ("Mitnick Law").  Balanced Bridge's petition to confirm has been pending before the Court since September 2021.  Mitnick Law's asserted "defense" to the petition to confirm the award is that Fox Rothschild LLP ("Fox Rothschild") had a conflict in representing Balanced Bridge adverse to Mitnick Law due to a prior limited representation of Mitnick Law.  The arbitrator considered and rejected Mitnick Law's motion to disqualify Fox Rothschild.  Undeterred, and hoping to delay confirmation of the award, Mitnick Law issued a subpoena to Fox Rothchild seeking a volume of materials in an improper attempt to revisit an issue that has been determined.

1

The subpoena is improper, for at least three reasons. First, because this is a summary proceeding to confirm an arbitration award, there is no role for discovery directed to issues that were arbitrated to conclusion. Second, the disqualification issue at which the subpoena is aimed is precluded because the arbitrator fully considered and rejected Mitnick Law's disqualification argument. That ruling precludes the resurrection of that argument in this summary proceeding. Mitnick Law also waived the issue, in that it failed to take discovery on the issue or renew the motion to disqualify in the arbitration despite the arbitrator's allowance to do so.

Third, the subpoena is improper because it seeks materials that are obviously subject to attorney-client privilege and work product doctrine. The subpoena should be quashed.

## II. Pertinent Facts and Procedural History

Balanced Bridge provides legal funding and specialty finance services to attorneys and litigants. Under successive written agreements culminating in a Master Non-Recourse Purchase and Sale Agreement dated June 2, 2017, Balanced Bridge provided Mitnick Law with millions of dollars in monetary advances against Mitnick Law's anticipated attorney's fees earned but not yet received in the NFL Concussion Class Action. After making some payments to Balanced Bridge, Mitnick Law breached the contract by, among other things, failing to pay Balanced Bridge after receiving attorney's fees in the NFL Concussion Class Action.

On May 6, 2020, Balanced Bridge commenced an arbitration against Mitnick Law before the American Arbitration Association. The Hon. Francis J. Orlando, Jr., A.J.S.C. (retired), a 20-year veteran of the New Jersey Superior Court, served as Arbitrator. The dispute in arbitration was straightforward, in that the contract required Mitnick Law to pay over legal fees, and Mitnick Law instead kept those fees for itself. Mitnick Law's opposition in the arbitration consisted almost

entirely of: (1) disputing the validity and enforceability of the contract under which it performed prior to its breach; and (2) objecting to the representation of Balanced Bridge by Fox Rothschild.

The latter issue is the subject of the subpoena that gives rise to the current motion, and Mitnick Law asserted it at the outset of the arbitration via a motion to disqualify Fox Rothschild from representing Balanced Bridge. Specifically, Mitnick Law asserted that Fox Rothschild's limited former representation of Mitnick Law precluded Fox Rothschild from representing Balanced Bridge adverse to Mitnick Law.

Following extensive briefing and argument by the parties, Judge Orlando denied Mitnick Law's motion to disqualify in a reasoned opinion that cited the pertinent case law and appropriately applied Rule of Professional Conduct 1.9. A copy of the opinion is attached as Exhibit A. Judge Orlando correctly denied the motion, because Fox Rothschild's former representation of Mitnick Law is not substantially related to this dispute under Rule of Professional Conduct 1.9, and was limited to: (1) a referral fee dispute with another law firm regarding clients in the NFL Concussion Class Action; and (2) counseling regarding common benefit fees in the NFL Concussion Class Action. The former representation did not extend to Mitnick Law's contract with Balanced Bridge, and ended before the payment to Mitnick Law of any attorney's fees from the NFL Concussion Class Action. The common benefit fees due to Mitnick Law were not at issue in the arbitration because Mitnick Law paid them to Balanced Bridge long before the arbitration commenced, during the period in which it performed under the parties' agreement. Finally, Fox Rothschild had no confidential information regarding Mitnick Law from the prior representation pertinent to the Balanced Bridge dispute. The pertinent documents for the arbitration were those showing the legal fees received by Mitnick Law but not turned over to Balanced Bridge. Fox Rothschild did not have those documents, which required significant discovery efforts in the arbitration. Mitnick Law

begrudgingly produced some of those documents in the arbitration after discovery motion practice, and Balanced Bridge obtained other payment documents via third-party subpoena. Though it had no obligation to do so, Fox Rothschild had also taken the additional step of screening the attorneys who had handled the prior Mitnick Law representation from representing Balanced Bridge in the arbitration.

It is important to note that, although there was no basis to disqualify Fox Rothschild, Judge Orlando denied the motion to disqualify without prejudice, and even granted Mitnick Law an opportunity to take further discovery on the alleged conflict issue and to raise it again later in the arbitration. Mitnick Law did not pursue that discovery, and did not renew the motion to disqualify in the ensuing year of arbitration proceedings. In declining the opportunity to pursue further discovery and renew the motion before entry of the final order, Mitnick Law abandoned the conflict argument in the arbitration.

On September 1, 2021, after over a year of litigation culminating in a multi-day evidentiary hearing, Judge Orlando entered a final award of over $2.3 million in favor of Balanced Bridge, plus contractual prevailing party fees and interest. On September 13, 2021, Balanced Bridge filed a petition to confirm its arbitration award, which is docketed as Case No. 2021-cv-04073. Mitnick Law later filed a petition to vacate the arbitration award, which is docketed as Case No. 2021-mc-00075-GAM. The cases are both assigned to Judge Tucker.

On Friday, February 11, 2022, at 6:53 p.m., Mitnick Law emailed the subpoena at issue to the undersigned. The correspondence and subpoena are attached as Exhibit B. The subpoena is directed to the Managing Partner of Fox Rothschild, and was not served in accordance with Fed. R. Civ. P. 4 or 45. Among other things, the subpoena seeks:

1. Fox Rothschild's engagement agreements and amendments with Balanced Bridge;

2. "All correspondence" between Fox Rothschild and Balanced Bridge regarding Mitnick Law and/or Craig Mitnick;

3. "All correspondence" between Fox Rothschild and Balanced Bridge regarding the NFL Concussion Litigation, "whether personal or professional in nature";

4. All invoices and time sheets of Fox Rothschild for services rendered "or anticipated to be rendered" to Balanced Bridge;

5. The "complete unedited file" in *Balanced Bridge v. Jones*, a separate litigation against Mitnick Law client Jones for breach of a funding agreement;

6. "All internal and external correspondence to, from, or between" Fox Rothschild attorneys related to Craig Mitnick, Mitnick Law, Balanced Bridge, or Joseph Genovesi (Balanced Bridge's principal); and

7. Fox Rothschild's policy documents regarding conflicts.

As these requests demonstrate, the subpoena plainly aims to re-litigate the disqualification issue that Judge Orlando adjudicated in the arbitration.

The subpoena states a compliance date of March 1, 2022.

### III. Argument

#### A. The Subpoena Is Improper For This Summary Proceeding

The Federal Arbitration Act ("FAA") provides in relevant part that a court, absent narrow grounds stated in the FAA, "must grant" a timely request for confirmation of an arbitration award. *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) (citing FAA § 9, 9 U.S.C. § 9). Put differently, the Court "may deny confirmation of an arbitration award only where (1) the award was procured through fraud or other undue means; (2) one or both of the arbitrators were partial or corrupt; (3) the arbitrators committed misconduct; or (4) the arbitrators exceeded

5

their power." *Balanced Bridge Funding, LLC v. Harper, No*. CV 20-6525, 2021 WL 3027018, at *1 (E.D. Pa. Feb. 23, 2021) (citing 9 U.S.C. § 10(a), and describing a petitioner's burden for confirming an arbitration award as "very low").

Mitnick Law's subpoena is part of its larger effort to re-litigate the arbitration within this proceeding to confirm the arbitration award. Mitnick Law seeks a *de novo* review of the arbitration, but that is not the nature of these proceedings. Rather, "[T]he confirmation of an arbitration award is a <u>summary proceeding that merely makes what is already a final arbitration award a judgment of the court</u>." *Teamsters*, 966 F.3d at 248 (emphasis added). The summary proceedings that result from an FAA motion to confirm or vacate an arbitration award are "not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Id*. at 252. *See also PG Publishing Inc. v. Newspaper Guild of Pittsburgh,* 19 F. 4th 308, 313-14 (3d Cir. 2021) ("A court can, within its discretion, decide an FAA motion without conducting a full hearing or taking additional evidence."), *O.R. Sec., Inc. v. Profe'l Planning Assoc., Inc.*, 857 F.2d 742, 745 (11th Cir. 1988) (rejecting contention that an FAA proceeding to vacate an arbitration award should "develop into full scale litigation, with the attendant discovery, motions, and perhaps trial").

### B. Mitnick Law is Precluded from Re-Litigating the Disqualification Issue

While Mitnick Law's desire for a *de novo* review of the arbitration proceedings is improper under the foregoing authorities, *res judicata* and collateral estoppel provide another basis on which to quash the subpoena. Although the award awaits confirmation from the Court as a judgment, *res judicata* and collateral estoppel extend to the adjudication of the disqualification issue. "Judicial proceedings ordinarily accord preclusive effect to arbitrations that have already adjudicated the same claims or defenses, even when the award is unconfirmed." *Sheet Metal Workers Int'l Ass'n*

*Loc. Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 673 F. Supp. 2d 313, 320 (D.N.J. 2009) (citations omitted).  The Restatement (Second) of Judgments, §§ 83–84 (1982) states the judicial consensus that "a valid and final award by arbitration has the same effects under the rules of *res judicata* ... as a judgment of a court" as long as the following five "essential elements of adjudication" are satisfied:

> (1) adequate notice to the parties who are to be bound by arbitration;
> (2) the right to present evidence and legal argument, and to rebut evidence and legal argument by the opposing parties;
> (3) a formulation of issues of law and fact concerning the specified parties and a specific transaction;
> (4) a rule of finality, specifying a point in the proceeding when presentations are terminated and a final decision is rendered; and
> (5) other procedures sufficient to determine the matter in question conclusively.

*Id*. at 321 (citing *Witkowski v. Welch*, 173 F.3d 192, 200 (3d Cir. 1999)).  Likewise, "[u]nder Pennsylvania law, arbitration proceedings and their findings are considered final judgments for the purposes of collateral estoppel [aka issue preclusion]."  *Witkowski*, 173 F.3d at 199.  *See also Clientron Corp. v. Devon IT, Inc*., 154 F. Supp. 3d 132, 145 (E.D. Pa. 2015) (citing *Witkowski*, 173 F.3d at 199).

Here, Mitnick Law participated in the arbitration, presented evidence and argument, including on the specific issue of disqualification.  Judge Orlando ruled on the issue, and the ruling was subsumed into the final award.  The preclusion elements are all satisfied.  As the subpoena plainly aims at re-litigating the final determination of the disqualification issue, it is improper and should be quashed.

Mitnick Law's abandonment and waiver of the disqualification issue is yet another reason why the subpoena is improper and should be quashed.  When Judge Orlando denied the motion to disqualify, he did so without prejudice.  The order allowed Mitnick Law the opportunity to take discovery on the issue and to renew the motion later in the arbitration.  Mitnick Law chose not to

do that, and instead continued in the arbitration for another year through the hearing and final award. Given this knowing and intentional waiver, Mitnick Law should not be heard on such matters in this proceeding and has no proper basis to pursue the discovery.

### C. The Subpoena Seeks Attorney-Client Privileged, Attorney Work Product, and Other Improper Materials

A subpoena may be quashed on a "timely motion." Fed. R. Civ. P. 45(d)(3). The court "must" quash or modify any subpoena that requires the disclosure of privileged or other protected material, if no exception or waiver applies, or if it subjects a person to undue burden. Rule 45(d)(3)(A)(iii), (iv).

The attorney-client privilege precludes discovery of confidential communications between attorney and client for the purpose of obtaining or providing legal assistance for the client. *In re Teleglobe*, 493 F.3d 345, 359 (3d Cir. 2007). The purpose of the privilege is to "encourage full and frank communications between attorneys and their clients." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). The privilege protects all communications by and between Balanced Bridge and Fox Rothschild for purposes of, or facilitating, the provision of legal advice and/or communication reflecting the thoughts, mental impressions, or strategy of counsel and counsel's agents. *See BouSamra v. Excela Health*, 210 A.3d 967, 983 (Pa. 2019); *see also Teleglobe*, 493 F.3d at 359.

Fed. R. Civ. P. 26(b)(3)(A) and (B) preclude the discovery of materials prepared in anticipation of litigation containing the mental impressions, conclusions, opinions, or legal theories of attorneys or other representatives. The attorney work product doctrine protects the files of counsel from examination by the opponent. *BouSamra*, 210 A.3d at 974. "The purpose of the work product doctrine is to protect the mental impressions and processes of an attorney acting on behalf of a client, regardless of whether the work product was prepared in anticipation of litigation." *Id.* at 976.

8

The subpoena at issue plainly aims at invading confidential attorney-client communications and attorney work product in a summary proceeding without any legitimate basis to do so. In purporting to require "all" such materials in a representation that has spanned several years, along with additional volumes of materials of a privileged and confidential nature, the subpoena seeks to impose an undue burden through an onerous document gathering and production process where there is no legitimate basis for the discovery in the first place.

## IV.   Conclusion

Mitnick Law's subpoena should be quashed because such discovery is not appropriate for this summary action to confirm the arbitration award. Mitnick Law received a full and fair adjudication of the dispute in arbitration, including the disqualification argument that is the subject of the subpoena, and waived the issue by failing to further pursue it in arbitration despite the opportunity to do so. There is simply no basis for the Court to allow Mitnick Law to engage in any discovery, let alone invade volumes of attorney-client privileged materials and attorney work product. The subpoena should be quashed on this basis as well.

Date:  February 25, 2022                              Respectfully submitted,

/s/ Eric E. Reed
Eric E. Reed, Esq.
FOX ROTHSCHILD LLP
ereed@foxrothschild.com
2000 Market Street—20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)
Attorneys for Balanced Bridge Funding LLC
and Fox Rothschild LLP

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on February 25, 2022, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record.

/s/ Eric E. Reed